**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000389
10-JUN-2014
08:59 AM**

NO. CAAP-13-0000389

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RICHARD MARVIN, III and AMY MARVIN,
individually and as Next Friend of IVY MAE MARVIN,
SADIE MARVIN, SAVANNAH MARVIN, minors;
WYLIE HURD; NICHOLAS FRED MARVIN, individually and as Next
Friend of ALANA MARVIN; AARON MARVIN;
BARBARA C. NELSON, Trustee of the Barbara C. Nelson
Family Trust dated 12/15/91, as amended;
JEFFREY MCBRIDE; MARETA ZIMMERMAN, individually and
as Next Friend of TEVA DEXTER and LIKO MCBRIDE, minors,
Plaintiffs/Appellees,
v.
JAMES PFLUEGER, individually and in his
representative capacity; PFLUEGER PROPERTIES;
PILA'A 400, LLC; and DOES 1 through 10,
Defendants/Appellants

---

JAMES PFLUEGER, PFLUEGER PROPERTIES,
PILA'A 400, LLC,
Counterclaim Plaintiffs,
v.
RICHARD MARVIN, III, AMY MARVIN, and
NICHOLAS FRED MARVIN,
Counterclaim Defendants.

---

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 02-1-0068)


MEMORANDUM OPINION
(By: Foley, Presiding J., Reifurth, J. and
Circuit Judge Lee, in place of
Nakamura, C.J., Fujise, Leonard, and
Ginoza, JJ., all recused)

Defendants/Counterclaim Plaintiffs/Appellants James Pflueger, Pflueger Properties, and Pila'a 400, LLC (collectively, **Pflueger**) appeal from the "Order Granting Plaintiffs and Counterclaim Defendants [/Appellees] Richard Marvin, III, Amy Marvin, Nicholas Fred Marvin and Barbara C. Nelson, Individually and on Behalf of the Barbara C. Nelson Revocable Trust [(collectively, **Plaintiffs**)], As Amended, Motion For Writ of Assistance and Execution," entered March 21, 2013 in the Circuit Court of the Fifth Circuit[1] (**circuit court**).

On appeal, Pflueger contends the circuit court:

(1)   erred when it ordered Pflueger to execute a Grant of Non-Exclusive Easement (**Grant of Easement**) per a prior circuit court order affirmed by the Hawai'i Supreme Court;

(2)   erred when it ordered Pflueger to pay attorneys' fees and costs "as a sanction because the Order to Execute the Recordable Grant of Easement was in Error"; and

(3)   violated Pflueger's "rights to due process, by refusing to consider [Pflueger's] arguments," and by erroneously holding that the easement issue had been decided.

## I.   BACKGROUND

### A. Prior litigation between the parties.

This case arises from litigation initiated in 2002, which culminated in Marvin v. Pflueger, 127 Hawai'i 490, 493, 280 P.3d 88, 91 (2012).  Marvin provides the following background:

> Plaintiffs Richard Marvin, III; Amy Marvin; Nicholas Fred Marvin; and Barbara Nelson ("plaintiffs") are landowners and residents of Pila'a Bay, Kaua'i.  They live on Haena Kuleana, a kuleana[2] adjacent to property owned by one of the named defendants, Pila'a 400, LLC.  In 1965, prior to plaintiffs' purchase of the property, the kuleana was partitioned; plaintiffs own two-thirds of Haena Kuleana and Heidi Huddy-Yamamoto ("Huddy-Yamamoto"), not a party to the action, owns the remaining one-third of Haena Kuleana.
>
> A. The Trial Court's Proceedings
>
> Plaintiffs filed an action for damages and injunctive relief on April 12, 2002 after James Pflueger graded the bluff on

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

[2]     "'Kuleana' means 'a small area of land such as were awarded in fee by the Hawaiian monarch, about the year 1850, to all Hawaiians who made application therefor.'"  Bremer v. Weeks, 104 Hawai'i 43, 45 n.5, 85 P.3d 150, [152] n.5 (2004) (citation omitted).

his property above the Haena Kuleana, causing a mudslide in November 2001 that covered plaintiffs' kuleana, and neighboring kuleana, with mud. Huddy-Yamamoto was asked to join the lawsuit, but she specifically refused to participate. Over the course of four years, plaintiffs amended the complaint twice, and defendants filed a counterclaim and two amended counterclaims. The Circuit Court of the Fifth Circuit ("trial court") dismissed most of the claims with prejudice due to the parties' stipulation, and dismissed other claims as a matter of law.

On June 6, 2006, plaintiffs filed a motion for partial summary judgment and/or preliminary injunction on their cause of action for an easement by necessity. On July 28, 2006, the trial court filed an order holding the motion in abeyance pending an evidentiary hearing scheduled for August 9, 2006.

On Friday, August 4, 2006, five days before the scheduled hearing, defendants filed a position statement raising, for the first time, Huddy-Yamamoto's absence. Defendants argued that the court should dismiss the action in its entirety or stay the motion pending joinder of Huddy-Yamamoto. However, defendants did not file a [Hawai'i Rules of Civil Procedure (HRCP) Rule] 12(b)(7) motion to dismiss for failure to join a party under [HRCP] Rule 19.

Beginning on Wednesday, August 9, 2006, the trial court held four days of hearings on plaintiffs' motion for partial summary judgment. At the beginning of the first day of hearings, plaintiffs' counsel objected to the position statement, arguing that it was not a position statement, but rather that it was a whole new brief because it raised new arguments. As the trial court properly noted, "The purpose of a position statement is to summarize your respective positions, not to bring up new issues." Noting the plaintiffs' objection, the court instructed the parties to move forward with the hearings, and heard testimony of thirteen witnesses over four days. Plaintiffs testified about the difficulty they have experienced in accessing their property, and they called kama'aina[3] witnesses to testify about historical access to the property. Defendants called two expert witnesses: Attorney Robert Graham, Jr. testified about Hawaiian land and water law, and Civil Engineer Leland Y.S. Lee testified about defendants' proposed access route. Defendants also called kama'aina witnesses and other witnesses familiar with the area. Huddy-Yamamoto participated in the hearings as a witness for defendants. She testified that she wanted to participate in the case as a party. However, she also testified that she had been asked to join the lawsuit from the beginning, and that she had declined. Though she testified that she understood the hearings to involve access and water rights for the kuleana she shares with the Marvins, and though she testified that she had an attorney, Huddy-Yamamoto never filed a motion to intervene in the proceedings.

After the conclusion of the proceedings, the trial court found that Huddy-Yamamoto was not an indispensable party to the action. It therefore issued an order granting plaintiffs' partial motion for summary judgment regarding

---

[3] "A kama'aina witness is a person 'familiar from childhood with any locality.'" State by Kobayashi v. Zimring, 58 Haw. 106, 145 n.8, 566 P.2d 725, 747 n.8 (1977) (quoting In Re Boundaries of Pulehunui, 4 Haw. 239, 245 (1879)).

the easement, granting plaintiffs' motion for a temporary restraining order preventing defendants from interfering with the property's water system, <u>and requiring defendants to execute a recordable grant of easement in favor of plaintiffs [(circuit court's 2007 Order)]</u>. Accompanying the order were 159 Findings of Fact and 15 Conclusions of Law ("FOF/COL"). This opinion reviews the relevant FOF/COL in Section III.B.3, infra.

B. The [Intermediate Court of Appeals' (ICA)] June 8, 2010 Memorandum Opinion

On appeal to the ICA, defendants' first point of error stated:

> A. The circuit court erred in granting the Marvin Parties' motion for summary judgment in the absence of non-parties whose interests in their adjacent real property (the other part of a partitioned kuleana) could be affected by the resulting order. In its January 4, 2007 Findings of Fact and Conclusions of Law; Order ("Order"), the court stated:
>
>> 12. The Court finds the Huddy family is not an indispensable party as they are not prejudiced by the instant proceeding, and they refused to participate in the instant lawsuit.
>
> Order, R. V.25 at 42. [ . . . ]

In the section analyzing this point of error, defendants cited to FOF/COL 102, which states "There are no facts in the record to suggest that the Huddy family will be prejudiced by not participating in the instant lawsuit. Indeed, they were asked to participate, and refused." Defendants argued that the point of the lawsuit was to determine access and water rights for the entire Haena Kuleana and that Huddy-Yamamoto's participation is required because her property is part of the kuleana.

In addition to plaintiffs' substantive arguments in support of the judgment below, they argued that defendants' brief did not comply with [Hawai'i Rules of Appellate Procedure (HRAP)] Rule 28 because, while defendants challenged conclusions of law, defendants did not challenge any findings of fact in their points of error, as [HRAP] Rule 28(b)(4) requires.

On June 8, 2010, the ICA filed its memorandum opinion. *Marvin v. Pflueger*, No. 28501, 123 Hawai'i 299, 2010 WL 2316274 (App. June 8, 2010) (mem.). In the opinion, the ICA cited plaintiffs' [HRAP] Rule 28 argument without comment or analysis. *Id.* at *17. The ICA then noted that [HRAP] Rule 28(b)(4) also permits the appellate court to "notice a plain error not presented," and stated that it would review defendants' arguments for plain error. *Id.* The ICA then conducted a de novo [HRCP] Rule 19 analysis, concluding that Huddy-Yamamoto was a party to be joined if feasible, and that the trial court erred by not ordering her to be joined. *Id.* at *27. On June 30, 2010, the ICA filed its Judgment on Appeal. On September 28, 2010, plaintiffs filed a timely application for writ of certiorari.

<u>Marvin</u>, 127 Hawai'i at 493-95, 280 P.3d at 91-93 (emphasis added and some footnotes omitted).

Marvin primarily addressed two issues in their application for writ of certiorari: "The first question presented concerns pleading standards of appellate briefs, and the remaining questions address the trial court's determination of which parties must participate in a lawsuit, and the procedure an appellate court should follow when reviewing that determination." Marvin, 127 Hawaiʻi at 492, 280 P.3d 88, 90. Regarding the latter issues, Marvin held the ICA committed grave error in concluding the circuit court erred by not ordering Huddy-Yamamoto to be joined. Marvin, 127 Hawaiʻi at 498, 280 P.3d at 96. Consequently, Marvin reversed the ICA's holding and affirmed the circuit court's 2007 Order. Id. at 512, 280 P.3d at 110.

### B. The case at hand.

On October 12, 2012, Plaintiffs submitted a Grant of Easement to Pflueger, asking for a signature and a return of the document for recordation per the circuit court's 2007 Order and Marvin. On October 26, 2012, Pflueger's counsel indicated Pflueger would not be signing the easement and cited Pilaʻa 400, LLC v. Andrade, No. 28854 (App. Nov. 30, 2010) (mem.)[4] as justification. On December 28, 2012, Plaintiffs filed a "1) Motion for Writ of Assistance and Execution, 2) Order to Show Cause, and 3) Order of Contempt and Sanctions" (**2012 Motion**).

Plaintiffs' 2012 Motion asked the circuit court to (1) compel Pflueger's compliance with the circuit court's 2007 Order, and (2) find Pflueger "in contempt of court and order sanctions

---

[4]     Andrade held:

> On appeal, however, Pilaʻa 400 only contests the portion of the order granting Andrade's [motion for summary judgment (MSJ)] requiring recordation. For the first time, Andrade asserted in his Written Closing Argument that he was "entitled to a non-exclusive recorded easement of reasonable vehicular access to the Waterfall [K]uleana." He provided no authority or further argument for this assertion. This relief had not been requested in Andrade's counterclaim, his MSJ, or his motion for a preliminary injunction. Neither the circuit court nor Andrade cited to any authority to support the recordation requirement, and we find none. COL 17 is wrong, and the circuit court erroneously required recordation. Our holding does not concern the remainder of the Order Grant/Deny Andrade's MSJ because Pilaʻa 400 does not contest the remainder of the order as it relates to the MSJ.

Andrade, mem. op. at 8.

against [Pflueger], including, but not limited to, a per diem fine for each day following the order of contempt that [Pflueger] refuse to comply with section 3 of the [circuit court 2007 Order] and reasonable attorneys' fees and costs incurred by [Plaintiffs] as a result of [Pflueger's] unjustifiable refusal to comply with the [circuit court 2007 Order]." Pflueger responded that the "[m]otion should be denied in full because, as made clear by the opinion of the [ICA] in [Andrade], the [circuit court] is without authority to grant the relief Plaintiffs seek." Pflueger also objected to language in the easement requiring him to maintain the easement.

On February 20, 2013, the circuit court orally granted Plaintiffs' 2012 Motion. The circuit court found Marvin to be a final decision on the matter, and concluded, in effect, that issue preclusion barred it from reaching the merits of Pflueger's arguments:

> The [circuit court]: All right. The [c]ourt reviewed the motion, the opposition, and the reply, and the [c]ourt does not even get to the Andrade opinion. The [c]ourt is in agreement with the Plaintiffs' position that there is a finality here as to the [Hawai'i] Supreme Court's order.
>
> The [c]ourt is in agreement that there should have been -- if there was any question by [Pflueger], there should have been a motion for reconsideration filed with the [Hawai'i] Supreme Court. Given the arguments made to the [c]ourt, given this [c]ourt's familiarity, of course, with the events -- and, Mr. McCorriston, I want to ensure you that this [c]ourt not only read the opinion a number of times, but whatever decisions from this [c]ourt go up on appeal, this [c]ourt also listens to the oral arguments, if there are any. And this [c]ourt takes very seriously decisions that are made at the appellate level.
>
> Given all of your arguments, there is no question in this [c]ourt's mind that the Plaintiffs' relief that they are seeking are fully warranted with the final decision by the [Hawai'i] Supreme Court.

On March 21, 2013, the circuit court entered an order granting the 2012 Motion and ordering Pflueger to pay fees and costs. Pflueger appealed to this court on April 5, 2013.

## II. DISCUSSION

### A. The circuit court did not err when it ordered Pflueger to execute the Grant of Easement.

Pflueger contends the circuit court "erred in ordering [Pflueger] to execute the Grant of Easement because there is no

6

authority that requires or supports execution or recordation of an implied easement under kuleana or common law, much less the requirement that the [burdened] estate owner maintain the easement for the benefit of, or indemnify, the [benefitted] estate holder." As Pflueger points out in his opening brief, he made this same objection on appeal to the ICA from the circuit court's 2007 Order. Pflueger contended the circuit court erred by "requiring [Pflueger] to execute a recordable [Grant of Easement] in favor of [Plaintiffs] where no such recorded easement is required under [Hawaii Revised Statutes §] 7-1 (2009 Repl.)." Marvin v. Pflueger, No. 28501 (App. June 8, 2010) (mem.) at 2, rev'd by Marvin. Pflueger argues since the ICA did not reach the merits of the recorded easement issue, as it vacated the circuit court's decision on other grounds, the Hawaiʻi Supreme Court's review also did not address the issue and as a result, the recorded easement issue was never resolved, so issue preclusion cannot apply.

Issue preclusion applies where a party establishes that:

> (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior adjudication.

See Bremer, 104 Hawaiʻi at 54, 85 P.3d at 161 (quoting Dorrance v. Lee, 90 Hawaiʻi 143, 149, 976 P.2d 904, 911 (1999) (brackets omitted).

Here, the issue is whether Plaintiffs are entitled to a recorded easement over Pflueger's property. The circuit court's 2007 Order held that Plaintiffs were entitled to a recorded easement over Pflueger's property. See Marvin, 127 Hawaiʻi at 493-95, 280 P.3d at 91-93. The issue litigated and parties involved in the prior action are identical to those in the case at hand. The circuit court's 2007 Order was a final adjudication on the merits and the recorded easement issue was essential to the circuit court's resolution of the motion for partial summary judgment. Id. Consequently, issue preclusion barred the circuit court from re-addressing the merits of Pflueger's claim. See

Exotics Hawaii-Kona, Inc. v. E.I. Dupont De Nemours & Co., 104 Hawai'i 358, 364, 90 P.3d 250, 256 (2004) (issue preclusion seeks to limit a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits, and to promote finality and judicial economy).

Pflueger contends the Hawai'i Supreme Court overlooked Andrade in Marvin. Andrade was issued on November 30, 2010 and Marvin was decided two years later. See Andrade and Marvin. At the February 20, 2013 hearing on the 2012 Motion, counsel for Pflueger incorrectly asserted that Marvin remanded the case to the circuit court:

> What we don't agree with Ms. Tico is you -- because this case was remanded to you by the [Hawai'i] Supreme Court, you do have continuing jurisdiction over implementation of your judgment and order.
>
> In the intervening time, you had considered the Andrade case, and you came to the same consideration there. Andrade asked you for recordable easement. You gave it to him. That went up to the ICA. The ICA said no, there is no recordable easement allowable under [Hawai'i] law.
>
> It wasn't a question of fact that the ICA said -- they say we -- no case or no law has been presented where a court can issue an order requiring a recordable easement, and there was none presented, and there has been none presented to you as of now.
>
> So the Andrade case which is on four -- all four corners with this case here on the question as to whether or not a court can order a recordable easement for a historic ingress and egress right, that's the only law that you have.
>
> . . . .
>
> You have continuing jurisdiction to enforce the judgment of this case. That's why we are here today. Between the time you originally decided this case and now, the Andrade case has come down with a four score precedent on the issue of recordable easement, which says that courts in [Hawai'i] do not have jurisdiction, inherent power, or otherwise to order a recordable easement. That is the holding in the Andrade case.
>
> You not only have the authority, the right, you have the duty and obligation when there is intervening appellate law contrary to your decision in your judgment over which you have continuing jurisdiction to alter or amend that judgment to conform with the prevailing law.

Marvin affirmed the circuit court's decision. It did not remand the case to the circuit court. See Marvin, 127 Hawai'i at 512, 280 P.3d at 110.

Pflueger's contention that the Hawai'i Supreme Court did not affirm the circuit court's 2007 Order in whole is without basis. <u>Marvin</u> explicitly provided what the circuit court held before affirming that holding:

<u>Before we can evaluate the trial court's finding that Huddy-Yamamoto was not an indispensable party, we must first articulate exactly what the trial court decided</u>. The court's order in this case stated:

1. The [c]ourt, therefore, hereby grants Plaintiffs' Motion for Partial Summary Judgment Re: Easement By Necessity and/or Order Issuing Preliminary Injunction and enters an Order Enjoining and Restraining [Pflueger] from interfering with, blocking or otherwise making Plaintiffs' access unreasonable or unsafe.

2. The [c]ourt, therefore, hereby grants Plaintiffs' Motion for Temporary Restraining Order and enters an Order Enjoining and Restraining [Pflueger] from interfering with, dismantling, damaging and/or destroying Plaintiffs' water system that brings water from the western stream and spring to their kuleana.

3. <u>The Plaintiffs shall present to [Plfueger], and [Pflueger] shall execute, a recordable [Grant of Easement] in favor of Plaintiffs, as set forth above</u>.

This order effected the following: (a) it established plaintiffs' entitlement to an easement over defendant Pila'a 400 LLC's property; (b) it enjoined [Pflueger] from interfering with plaintiffs' access; (c) it enjoined [Pflueger] from interfering with plaintiffs' water system; <u>(d) it required defendant Pila'a 400 LLC to execute a recordable [Grant of Easement]</u>.

The injunctions serve the purpose of restraining defendants from actions which impair the plaintiffs' access to their property or endanger their water system. There is no evidence that Huddy-Yamamoto has any involvement in these provisions of the order. Instead, the trial court's relevant findings of fact on the matter show a pattern of defendants' conduct towards plaintiffs in which Huddy-Yamamoto was not involved. For example, the trial court found:

118. [Nick Marvin] testified, "We changed roads because Mr. Pflueger is the big land owner and if we go against him, he'll make our life miserable. He's made our life miserable many times."

[ . . . ]

154. Testimony from Plaintiffs and their witnesses established intentional blocking of access by [Pflueger].

[ . . . ]

157. Defendant James Pflueger has caused the access road at Pila'a to be blocked without notice since the lawsuit was filed in this case, including fencing off the access, blocking the access with machinery, blocking the access with trucks, tractors, porta potties, cows and bulls, and interfering with access

> by running sprinklers on the Marvin children's
> pedestrian access and placing water troughs and piles
> of chicken manure next to the access.
>
> 158. After this [c]ourt entered an Order preventing
> [Pflueger] from blocking Plaintiffs' access without
> providing 24 hours advance notice, Defendant James
> Pflueger, on Admissions Day, blocked the Marvin's
> lower access road by parking his truck next to their
> property line, and turning off the ignition. Even when
> he backed up the road to the parking plateau, he again
> blocked the Marvin's access by stopping his vehicle
> and preventing Richard Marvin from driving through.

The circumstances surrounding the injunction show that
Huddy-Yamamoto was not involved in the conduct necessitating
the injunction, nor would she be affected by the court's
injunction of this conduct.

The court's order also establishes that the plaintiffs have
a right to access to their property. As Conclusion of Law 3
summarizes:

> 3. As owners of a kuleana at Pila'a, Kaua'i, Hawai'i,
> that is landlocked and traceable to the Great Mahele,
> Plaintiffs Richard Marvin III, Nicholas Marvin, and
> Barbara C. Nelson are entitled to an easement by
> necessity, and reasonable use of water for drinking,
> domestic and agricultural purposes.
>
> . . . .
>
> Based upon the foregoing analysis, the judgment of the [ICA]
> is reversed, and the trial court's decision is hereby
> affirmed.

Marvin, 127 Hawai'i at 504-12, 280 P.3d at 102-10 (emphasis
added). Consequently, the circuit court did not err when it
ordered Pflueger to execute the Grant of Easement. See Chun v.
Bd. of Trustees of Emp. Ret. Sys. of State of Hawai'i, 106 Hawai'i
416, 439, 106 P.3d 339 (2005) ("It is the duty of the trial
court, on remand, to comply strictly with the mandate of the
appellate court according to its true intent and meaning[.]")
(brackets omitted); see also In re Smith, 68 Haw. 466, 470, 719
P.2d 397, 401 (1986) ("[W]rits of assistance are a method of
enforcing a judgment of the court directing a specific act.").

Pflueger essentially asks this court to review a
decision of the Hawai'i Supreme Court, i.e., to find Marvin
erroneous for affirming the circuit court's decision and not
remanding the case. This, we cannot do. See State v. Kimmel,
No. 28893 (App. Jan. 23, 2009) (SDO) at 3 ("It is not the role of
the [ICA] to determine, in any case, that the Hawai'i Supreme
Court erred in its legal analysis.")

**B.    The circuit court did not err when it ordered
Pflueger to pay attorneys' fees and costs.**

Regarding attorneys' fees and costs, the circuit court held:

> Given all of your arguments, there is no question in this [c]ourt's mind that the Plaintiffs' relief that they are seeking are fully warranted with the final decision by the [Hawaiʻi] Supreme Court.
>
> Ms. Tico, in particular, the [c]ourt is -- in addition to that, because this is very clear to this [c]ourt, I am granting fees and costs for the bringing of this motion.

Pflueger contends the circuit court erred by awarding fees "as a sanction against [Pflueger] because . . . the underlying requirement that [Pflueger] execute the Grant of Easement was itself erroneous."  For reasons discussed above, Pflueger is precluded from re-litigating this issue.  Pflueger raises various other contentions regarding the award of fees and costs but fails to show where such issues were raised in the circuit court and we find none in the record.  As such, these issues are deemed waived.  See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal.")  Pflueger provides no other basis for this court to conclude the circuit court abused its discretion when it awarded fees and costs under Hawaii Revised Statutes (**HRS**) § 603-21.9(6) (1993).[5]

**C.    The circuit court did not violate Pflueger's due
process rights by holding that the easement issue
had already been decided.**

Pflueger contends:

> The circuit court also erred by holding that the [Hawaiʻi] Supreme Court's opinion disposed of the question of the recordable easement, even though that opinion did not address the issue.  Based on this erroneous premise, the circuit court erroneously refused to consider [Pflueger's] arguments, including its arguments based on this Court's intervening decision in Andrade.  These errors constitute a violation of [Pflueger's] procedural due process rights.

---

[5]    Plaintiffs brought the 2012 Motion under HRCP Rules 7 and 70, and HRS § 603-21.9.

(Emphasis added.)   Pflueger's reply brief maintains this position:

> Due process required that, after the [Hawai'i] Supreme Court disposed of the previous appeal without addressing the recordable easement question, the circuit court in exercising its continuing jurisdiction should have considered [Pflueger's] related arguments, <u>including the intervening opinion</u> in <u>Andrade</u>.

(Emphasis added.)   For the reasons discussed above, this contention is meritless.   Further, <u>Andrade</u> was decided on November 30, 2010, before <u>Marvin</u> was decided on April 27, 2012.

### III.   CONCLUSION

Accordingly, the "Order Granting Plaintiffs and Counterclaim Defendants Richard Marvin, III, Amy Marvin, Nicholas Fred Marvin and Barbara C. Nelson, Individually and on Behalf of the Barbara C. Nelson Revocable Trust, As Amended, Motion For Writ of Assistance and Execution," entered March 21, 2013 in the Circuit Court of the Fifth Circuit, is affirmed.

DATED:   Honolulu, Hawai'i, June 10, 2014.

On the briefs:

William C. McCorriston
David J. Minkin
Scot Z. Matayoshi
(McCorriston Miller Mukai
MacKinnon)
for Defendants/Counterclaim
Plaintiffs/Appellants.

Peter Van Name Esser
   and
Teresa Tico
for Plaintiffs/Counterclaim
Defendants/Appellees.

Presiding Judge

Associate Judge

Acting Associate Judge